# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Aaron G. Thomas,

    Plaintiff,

v.

Monroe County, Sarah Keller, Alysia Tola, Alexis Conte, Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, Johnlette Harlin, Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, James Perez, and Sandra Peer,

    Defendants

Case No.:_____

Hon. _____

**Demand for Jury Trial**

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

# **COMPLAINT**

NOW COMES the Plaintiff, AARON THOMAS, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

## INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 seeking redress for the violation of Plaintiff Aaron Thomas's constitutional rights while in custody at the Monroe County Jail.

2. Defendants exhibited deliberate indifference to Plaintiff's serious medical needs by failing to examine or treat a visible abscess on his toe, causing unnecessary pain, suffering, and risk of serious medical complications.



2

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*  Michael L. Jones, Esq.
Case No.:  Jon R. Marko, Esq.

3. Monroe County maintained unconstitutional policies, customs, and practices that were the moving force behind these violations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

5. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Monroe County, Michigan, which is within the Eastern District of Michigan.

## PARTIES

6. Plaintiff Aaron Thomas is a 49 year old male, residing in Monroe County, Michigan. At all relevant times, he was incarcerated at the Monroe County Jail.

7. Defendant Sarah Keller was, at all relevant times, employed by or contracted with Monroe County to provide medical care to inmates. Defendant is sued in her individual capacity.

8. Defendant LPN Alsyia Tola was, at all relevant times, employed by or contracted with Monroe County to provide medical care to inmates. Defendant is sued in her individual capacity.

9. Defendant Alexis Conte was, at all relevant times, employed by or contracted with Monroe County to provide medical care to inmates. Defendant is sued in her individual capacity.

10. Defendant LPN Jennifer Vollmer, Defendant Katelyn Lucio, Defendant Renee Slaughterbeck, Defendant NP Johnlette Harlin, Defendant Dr. Daryl Parker, Defendant Erica Chappell, Defendant Stacie Howard, Defendant Jessica Ebel, Defendant Felecia McDuffie, and Defendant James Perez were, at all relevant times, employed by or contracted with Monroe County to provide medical care to inmates. Defendants are sued in their individual capacity.

11. Defendant Sandra Peer was, at all relevant times, an official or employee with authority over inmate placement and transfers. Defendant is sued in her individual capacity.

12. Defendant Monroe County is a municipal corporation organized under Michigan law and is responsible for the operation of the Monroe County Jail and for the policies, practices, and customs of its correctional and medical staff.

## FACTUAL ALLEGATIONS

13. Mr. Thomas's suffers from type 2 diabetes mellitus, which causes impaired circulation and peripheral neuropathy, both of which significantly increase the risk of developing foot ulcers. Diabetes compromises the body's ability to heal

4
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*     Michael L. Jones, Esq.
Case No.:     Jon R. Marko, Esq.

wounds, making even minor injuries prone to infection and progression into non-healing diabetic ulcers.

14. On or about November 22, 2024, law enforcement picked up Mr. Thomas for unpaid parking tickets.

15. At the time, Mr. Thomas was residing in a dorm setting. Defendant Sandra Peer made the decision to send him to the Monroe County Jail because the dorm did not have adequate resources, rather than placing him in a setting that could accommodate his needs.

16. On or about November 22, 2024, Defendant Johnlette Harlin prescribed Metformin, a first-line oral medication for type 2 diabetes mellitus, to help control his blood sugar.

17. On or about November 24, 2024, Monroe County Jail gave Mr. Thomas jail approved shoes to wear.

18. On or about November 24, 2024, Mr. Thomas requested a blood sugar check. In response, Defendant Dr. Daryl Parker prescribed Novolin R, a short-acting insulin taken before meals to help regulate post-meal blood sugar spikes; nevertheless, even with both insulin therapy and Metformin, Defendants knew or should have known that his type 2 diabetes continued to impair circulation and wound healing, placing him at high risk for the diabetic ulcer that developed on his left fifth toe.

19. On or about November 28, 2024, Defendant Jennifer Vollmer entered the incorrect blood sugar reading for Mr. Thomas. She attempted to contact Defendant Dr. Parker, but Dr. Parker did not answer.

20. In or around the end of November 2024, the jail issued shoes caused a blister to form on his left 5th toe. The abscess on his toe was visible, painful, and posed a risk of infection.

21. Mr. Thomas used the communal jail shower after the blister formed and shortly noticed redness and an ulcer-like appearance to the left 5th toe.

22. Plaintiff repeatedly reported the abscess to medical staff:

   a. Defendant Sarah Keller gave Plaintiff only a band-aid and stated, "Well, if you can walk, then you are fine." She did not examine the abscess, did not order further evaluation, and focused only on checking Plaintiff's blood sugar.

   b. Defendant LPN Alsyia Tola was told about the abscess, but never evaluated Plaintiff, never asked to see the abscess, and provided no treatment.

   c. Defendant Alexis Conte refused to examine Plaintiff, stating they were short-staffed.

   d. Defendants LPN Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, NP Johnlette Harlin, Dr. Daryl Parker, Erica Chappell,

Stacie Howard, Jessica Ebel, Felecia McDuffie, and James Perez each failed to examine or treat Plaintiff despite being informed of the abscess.

23. Despite numerous requests for medical care, no Defendant took action to examine, diagnose, treat, or even document the abscess.

24. The failure to provide care caused Plaintiff's condition to worsen and subjected him to unnecessary pain and risk of further medical complications.

25. Defendants' actions were taken under color of law and in deliberate disregard of Plaintiff's serious medical needs.

26. On or about December 11, 2024, Monroe County Jail released Mr. Thomas.

27. On or about December 13, 2024, Mr. Thomas went to ProMedica Flower Hospital Emergency Room, where he was evaluated by Dr. Vemu Bommana.

28. Mr. Thomas complained about left pinky toe pain, his infected left 5th toe, and a non-healing ulcer with surrounding erythema and tenderness.



**(Photograph of Thomas' Toe at ProMedica ER)**

29. Dr. Bommana decided Mr. Thomas needed to be admitted to the hospital for IV antibiotics.

30. Dr. Bommana diagnosed Mr. Thomas with left foot ulcer, diabetic ulcer of toe of left foot associated with type 2 diabetes mellitus, unspecified ulcer stage.



**(Photograph of Thomas' Infected Toe at ProMedica ER)**

8
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*     Michael L. Jones, Esq.
Case No.:     Jon R. Marko, Esq.

31. Given Mr. Thomas' history of diabetes and the non-healing nature of the ulcer, these findings were concerning to Dr. Bommana for a diabetic foot infection and possible osteomyelitis.

32. Around 11:42 PM that evening, Mr. Thomas consulted with Podiatrist Dr. Joseph Wolf at ProMedica for his left foot wound.

33. On or about December 15, 2024, Mr. Thomas consulted with Infectious Disease Dr. Joel Kammeyer.

34. Dr. Kammeyer noted Mr. Thomas presented with an infected diabetic foot ulcer involving the left 5th toe. This was confirmed by MRI showing soft tissue swelling and marrow edema consistent with osteomyelitis of the middle and distal phalanges.

35. Dr. Kammeyer recommended amputation, but Mr. Thomas declined. A course of IV antibiotics was planned via a PICC line. This conservative treatment failed and Mr. Thomas had to have his toe amputated.



36. On or about December 16, 2024, ProMedica discharged Mr. Thomas. He was instructed to follow up with his primary care doctor, Dr. Danilo Dona, within 14 days, referred to outpatient wound care clinic at Adrian Hospital campus, and advised to follow up with Podiatry and Infectious Disease in two weeks.



37. On or about February 10, 2025, doctors amputated Mr. Thomas' 5th toe due to the infection. Mr. Thomas was out of work for surgery from February 10th through March 4, 2025.

38. Dr. Christopher Valkier opined to a reasonable degree of medical certainty, the wound could not have developed in the two days between Mr. Thomas' release and his presentation to the emergency room. From a medical standpoint, Mr. left 5th toe infection that occurred while Mr. Thomas was incarcerated at Monroe County Jail.

# CAUSES OF ACTION

## Count I
### 42 U.S.C. § 1983
### Deliberate Indifference to Serious Medical Needs

(Against Defendants Sarah Keller, LPN Alsyia Tola, Alexis Conte, LPN Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, NP Johnlette Harlin, Dr. Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, and James Perez, in their individual capacities)

39. Plaintiff repeats and re-alleges all other paragraphs of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was a pretrial detainee/inmate at the Monroe County Jail and was under the care and custody of Defendants.

41. Plaintiff presented with an obvious, serious medical need—an abscess on his toe—which posed a substantial risk of serious harm if left untreated, including risk of infection, sepsis, and permanent injury.

42. On or about December 2, 2024, Plaintiff reported the abscess to Defendant Sarah Keller, who provided only a band-aid and stated, "Well, if you can walk, then you are fine." She did not examine the abscess, did not order an evaluation, and provided no treatment other than the band-aid. Her only concern was checking Plaintiff's blood sugar.

43. On or about December 4, 2024 Plaintiff reported the abscess to Defendant LPN Alsyia Tola, who never examined the abscess, never asked to see it, and provided no treatment or referral.

44. Plaintiff also reported the abscess to Defendant Alexis Conte, who likewise refused to evaluate Plaintiff and instead stated they were short-staffed.

45. Plaintiff made similar reports to Defendants LPN Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, NP Johnlette Harlin, Dr. Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, and James Perez, each of whom failed to document the abscess, examine the abscess, provide treatment, or ensure Plaintiff received medical attention.

46. The above Defendants each knew of and disregarded an excessive risk to Plaintiff's health and safety. The abscess was visible, Plaintiff described it to them, and its seriousness was obvious to a layperson.

47. Defendants' refusal to examine, diagnose, or treat Plaintiff's abscess was not mere negligence—it was deliberate indifference to a known, serious medical need.

48. As a direct and proximate result of Defendants' deliberate indifference, Plaintiff's condition worsened, causing pain, suffering, risk of systemic infection, and other damages.

49. Defendants' conduct violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

50. As a proximate result of Defendants' actions and inactions, Mr. Thomas suffered and continues to suffer emotional suffering, psychological injury,

12
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*     Michael L. Jones, Esq.
Case No.:     Jon R. Marko, Esq.

and trauma. Mr. Thomas continues to experience fear, distrust, and anxiety regarding law enforcement officers.

51. Mr. Thomas is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT II
### 42 U.S.C. § 1983
### Monell Claim
(Against Defendant Monroe County)

52. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

53. At all relevant times, Defendants were acting within the scope of their employment with Monroe County, and their actions were taken under color of law.

54. Defendant Monroe County maintained policies, customs, and/or practices that were the moving force behind the constitutional violations suffered by Plaintiff, including but not limited to:

a. A policy or practice of providing only cursory or no medical evaluation to detainees with visible injuries or infections;

b. A policy or practice of failing to train or supervise medical staff to identify and treat serious medical conditions, including abscesses;

c. A custom of permitting staff to deny care by citing staffing shortages;

d. A policy or custom of prioritizing minimal routine checks (such as blood sugar checks) over responsive, condition-specific care.

55. Monroe County's failure to implement adequate training, supervision, and accountability measures amounts to deliberate indifference to the constitutional rights of inmates and detainees.

56. The widespread and repeated refusal of multiple staff members to examine or treat Plaintiff's abscess demonstrates a pattern of unconstitutional conduct condoned or ignored by Monroe County policymakers.

57. As a direct and proximate result of Monroe County's policies, customs, and practices, Plaintiff suffered violations of his constitutional rights, pain and suffering, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, reasonable attorney fees and costs under 42 U.S.C. § 1988, and such other relief as the Court deems just and proper.

## DEMAND FOR RELIEF

Plaintiff requests that this Court:

 a. Assert jurisdiction over this matter;

 b. Enter judgment in favor of Plaintiff and against Defendants;

 c. Award Plaintiff compensatory and punitive damages;

    d. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

    e. Grant other appropriate relief.

                                                   Respectfully submitted,

                                                   */s/ Michael L. Jones*
                                                   Michael L. Jones (P85223)
                                                   **MARKO LAW, PLLC**
                                                   220 W. Congress, 4th Floor
                                                   Detroit, MI 48226
                                                   (313) 777-7777 / Fax: (313) 470-2011
Date: October 6, 2025                      Email: michael@markolaw.com

15
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*      Michael L. Jones, Esq.
Case No.:      Jon R. Marko, Esq.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Aaron G. Thomas,

      Plaintiff,

v.

Monroe County, Sarah Keller, Alysia Tola, Alexis Conte, Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, Johnlette Harlin, Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, James Perez, and Sandra Peer,

      Defendants

Case No.:_____

Hon. _____

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

16
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*     Michael L. Jones, Esq.
Case No.:     Jon R. Marko, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable under the laws and Constitution of the United States and the State of Michigan.

Respectfully submitted,

                                */s/ Michael L. Jones*
                                Michael L. Jones (P85223)
                                **MARKO LAW, PLLC**
                                220 W. Congress, 4th Floor
                                Detroit, MI 48226
                                (313) 777-7777 / Fax: (313) 470-2011
                                Email: michael@markolaw.com

Date: October 6, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **October 6, 2025,** via:

- ☐ U.S. Mail
- ☐ Hand Delivered
- ☐ Certified Mail
- ☒ ECF System
- ☐ Fax
- ☐ Overnight Carrier
- ☐ Other: Mi-FILE Truefiling
- ☐ Email

                */s/ Dae'Aunee Charles*

17
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*      Michael L. Jones, Esq.
Case No.:      Jon R. Marko, Esq.