# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Aaron G. Thomas,

     Plaintiff,

v.

Monroe County, VitalCore Health Strategies, LLC,
Sarah Keller, Alysia Tola, Alexis Conte, Jennifer
Vollmer, Katelyn Lucio, Renee Slaughterbeck,
Johnlette Harlin, Daryl Parker, Erica Chappell,
Stacie Howard, Jessica Ebel, Felecia McDuffie,
James Perez, and Sandra Peer,

     Defendant

Case No.: 2:25-cv-13144

Hon. David M. Lawson

Mag. Judge Curtis Ivy

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

THOMAS D. BEINDIT (P81133)
**Rosati, Schultz, Joppich &
Amtsbuechler, PC**
Attorney for Monroe County
822 Centennial Way, Ste 270
Lansing, MI 48917
(517) 886-3800
tbeindit@rsjalaw.com

RONALD W. CHAPMAN SR., M.P.A.,
LL.M.
(P37603)
NICHOLAS B. PILLOW (P83927)
**Chapman Law Group**
Attorneys for Conte, Tola, Vollmer, Keller,
Ebel, Chappell, Howard, McDuffie, Perez,
Slaughterbeck, Harlin, Parker, Peer and
Lucio
1441 W. Long Lake Road, Ste 310
Troy, MI 48098
rchapman@chapmanlawgroup.com
npillow@chapmanlawgroup.com

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

---

1

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, AARON THOMAS, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

## INTRODUCTION

1.      This is a civil rights action under 42 U.S.C. § 1983 seeking redress for the violation of Plaintiff Aaron Thomas's constitutional rights while in custody at the Monroe County Jail.

2.      Defendants exhibited deliberate indifference to Plaintiff's serious medical needs by failing to examine or treat a visible abscess on his toe, causing unnecessary pain, suffering, and risk of serious medical complications.



2

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*                                        Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                                              Jon R. Marko, Esq.

3.    Monroe County and VitalCore Health Strategies maintained unconstitutional policies, customs, and practices that were the moving force behind these violations.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

5.    Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Monroe County, Michigan, which is within the Eastern District of Michigan.

## PARTIES

6.    Plaintiff Aaron Thomas is a 49 year old male, residing in Monroe County, Michigan. At all relevant times, he was incarcerated at the Monroe County Jail.

7.    Defendant Monroe County is a municipal corporation organized under Michigan law and is responsible for the operation of the Monroe County Jail and for the policies, practices, and customs of its correctional and medical staff.

8.    Defendant VitalCore Health Strategies, LLC ("VitalCore" or "VCHS") is a limited liability company incorporated under the laws of Tennessee with its principal place of business in Brentwood, Tennessee. At all relevant times,

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

*Aaron Thomas v. Monroe County, et al*                                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                                         Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

VitalCore was contracted by Monroe County to provide medical services to inmates at the Monroe County Jail. VitalCore is sued for its policies, customs, and practices in providing medical care to inmates, and for the acts and omissions of its employees acting within the scope of their employment.

9. Defendant Sarah Keller was, at all relevant times, employed by VitalCore Health Strategies to provide medical care to inmates at the Monroe County Jail. Defendant is sued in her individual capacity.

10. Defendant LPN Alysia Tola was, at all relevant times, employed by VitalCore Health Strategies to provide medical care to inmates at the Monroe County Jail. Defendant is sued in her individual capacity.

11. Defendant Alexis Conte was, at all relevant times, employed by VitalCore Health Strategies to provide medical care to inmates at the Monroe County Jail. Defendant is sued in her individual capacity.

12. Defendant LPN Jennifer Vollmer, Defendant Katelyn Lucio, Defendant Renee Slaughterbeck, Defendant NP Johnlette Harlin, Defendant Dr. Daryl Parker, Defendant Erica Chappell, Defendant Stacie Howard, Defendant Jessica Ebel, Defendant Felecia McDuffie, Defendant James Perez, and Defendant Sandra Peer were, at all relevant times, employed by VitalCore Health Strategies to provide medical care to inmates at the Monroe County Jail. Defendants are sued in their individual capacities.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*        Michael L. Jones, Esq.
Case No.: 2:25-cv-13144        Jon R. Marko, Esq.

13. Defendant Sandra Peer was, at all relevant times, an official or employee with authority over inmate placement and transfers. Defendant is sued in her individual capacity.

## FACTUAL ALLEGATIONS

14. Mr. Thomas suffers from type 2 diabetes mellitus, which causes impaired circulation and peripheral neuropathy, both of which significantly increase the risk of developing foot ulcers. Diabetes compromises the body's ability to heal wounds, making even minor injuries prone to infection and progression into non-healing diabetic ulcers.

15. On or about November 22, 2024, law enforcement picked up Mr. Thomas for unpaid parking tickets.

16. At the time, Mr. Thomas was residing in a dorm setting. Defendant Sandra Peer made the decision to send him to the Monroe County Jail because the dorm did not have adequate resources, rather than placing him in a setting that could accommodate his needs.

17. On or about November 22, 2024, Defendant Johnlette Harlin, an employee of VITALCORE, prescribed Metformin, a first-line oral medication for type 2 diabetes mellitus, to help control his blood sugar.

18. On or about November 24, 2024, Monroe County Jail gave Mr. Thomas jail approved shoes to wear.

5

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*  Michael L. Jones, Esq.
Case No.: 2:25-cv-13144  Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

19.     On or about November 24, 2024, Mr. Thomas requested a blood sugar check. In response, Defendant Dr. Daryl Parker, an employee of VITALCOR , prescribed Novolin R, a short-acting insulin taken before meals to help regulate post-meal blood sugar spikes; nevertheless, even with both insulin therapy and Metformin, Defendants knew or should have known that his type 2 diabetes continued to impair circulation and wound healing, placing him at high risk for the diabetic ulcer that developed on his left fifth toe.

20.     On or about November 28, 2024, Defendant Jennifer Vollmer, an employee of VITALCORE, entered the incorrect blood sugar reading for Mr. Thomas. She attempted to contact Defendant Dr. Parker, but Dr. Parker did not answer.

21.     In or around the end of November 2024, the jail issued shoes caused a blister to form on his left 5th toe. The abscess on his toe was visible, painful, and posed a risk of infection.

22.     Mr. Thomas used the communal jail shower after the blister formed and shortly noticed redness and an ulcer-like appearance to the left 5th toe.

23.     Plaintiff repeatedly reported the abscess to VITALCORE  medical staff:

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*                                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                                          Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

a. Defendant Sarah Keller gave Plaintiff only a band-aid and stated, "Well, if you can walk, then you are fine." She did not examine the abscess, did not order further evaluation, and focused only on checking Plaintiff's blood sugar.

b. Defendant LPN Alysia Tola was told about the abscess, but never evaluated Plaintiff, never asked to see the abscess, and provided no treatment.

c. Defendant Alexis Conte refused to examine Plaintiff, stating they were short-staffed.

d. Defendants LPN Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, NP Johnlette Harlin, Dr. Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, James Perez, and Sandra Peer failed to examine or treat Plaintiff despite being informed of the abscess.

24. Despite numerous requests for medical care, no Defendant took action to examine, diagnose, treat, or even document the abscess.

25. The failure to provide care caused Plaintiff's condition to worsen and subjected him to unnecessary pain and risk of further medical complications.

26. Defendants' actions were taken under color of law and in deliberate disregard of Plaintiff's serious medical needs.

27. On or about December 11, 2024, Monroe County Jail released Mr. Thomas.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*  Michael L. Jones, Esq.
Case No.: 2:25-cv-13144  Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

28.     On or about December 13, 2024, Mr. Thomas went to ProMedica Flower Hospital Emergency Room, where he was evaluated by Dr. Vemu Bommana.

29.     Mr. Thomas complained about left pinky toe pain, his infected left 5th toe, and a non-healing ulcer with surrounding erythema and tenderness.



**(Photograph of Thomas' Toe at ProMedica ER)**

30.     Dr. Bommana decided Mr. Thomas needed to be admitted to the hospital for IV antibiotics.

31.     Dr. Bommana diagnosed Mr. Thomas with left foot ulcer, diabetic ulcer of toe of left foot associated with type 2 diabetes mellitus, unspecified ulcer stage.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW



**(Photograph of Thomas' Infected Toe at ProMedica ER)**

32.    Given Mr. Thomas' history of diabetes and the non-healing nature of the ulcer, these findings were concerning to Dr. Bommana for a diabetic foot infection and possible osteomyelitis.

33.    Around 11:42 PM that evening, Mr. Thomas consulted with Podiatrist Dr. Joseph Wolf at ProMedica for his left foot wound.

34.    On or about December 15, 2024, Mr. Thomas consulted with Infectious Disease Dr. Joel Kammeyer.

35.    Dr. Kammeyer noted Mr. Thomas presented with an infected diabetic foot ulcer involving the left 5th toe. This was confirmed by MRI showing soft tissue swelling and marrow edema consistent with osteomyelitis of the middle and distal phalanges.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*                                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                                         Jon R. Marko, Esq.

36.     Dr. Kammeyer recommended amputation, but Mr. Thomas declined. A course of IV antibiotics was planned via a PICC line. This conservative treatment failed and Mr. Thomas had to have his toe amputated.



37.     On or about December 16, 2024, ProMedica discharged Mr. Thomas. He was instructed to follow up with his primary care doctor, Dr. Danilo Dona, within 14 days, referred to outpatient wound care clinic at Adrian Hospital campus, and advised to follow up with Podiatry and Infectious Disease in two weeks.



**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                   Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

38.     On or about February 10, 2025, doctors amputated Mr. Thomas' 5th toe due to the infection. Mr. Thomas was out of work for surgery from February 10th through March 4, 2025.

39.     Dr. Christopher Valkier opined to a reasonable degree of medical certainty, the wound could not have developed in the two days between Mr. Thomas' release and his presentation to the emergency room. From a medical standpoint, Mr. Thomas' left 5th toe infection occurred while Mr. Thomas was incarcerated at Monroe County Jail.

## CAUSES OF ACTION

### COUNT I
**42 U.S.C. § 1983**
**Deliberate Indifference to Serious Medical Needs**
**(Against Defendants Sarah Keller, LPN Alysia Tola, Alexis Conte, LPN Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, NP Johnlette Harlin, Dr. Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, James Perez, and Sandra Peer, in their individual capacities)**

40.     Plaintiff repeats and re-alleges all other paragraphs of this Complaint as if fully set forth herein.

41.     At all relevant times, Plaintiff was a pretrial detainee/inmate at the Monroe County Jail and was under the care and custody of Defendants.

42.     Plaintiff presented with an obvious, serious medical need—an abscess on his toe—which posed a substantial risk of serious harm if left untreated, including risk of infection, sepsis, and permanent injury.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*                                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                                   Jon R. Marko, Esq.

43.     On or about December 2, 2024, Plaintiff reported the abscess to Defendant Sarah Keller, who provided only a band-aid and stated, "Well, if you can walk, then you are fine." She did not examine the abscess, did not order an evaluation, and provided no treatment other than the band-aid. Her only concern was checking Plaintiff's blood sugar.

44.     On or about December 4, 2024 Plaintiff reported the abscess to Defendant LPN Alysia Tola, who never examined the abscess, never asked to see it, and provided no treatment or referral.

45.     Plaintiff also reported the abscess to Defendant Alexis Conte, who likewise refused to evaluate Plaintiff and instead stated they were short-staffed.

46.     Plaintiff made similar reports to Defendants LPN Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, NP Johnlette Harlin, Dr. Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, James Perez, and Sandra Peer, eVitalCore  of whom failed to document the abscess, examine the abscess, provide treatment, or ensure Plaintiff received medical attention.

47.     The above Defendants eVitalCore  knew of and disregarded an excessive risk to Plaintiff's health and safety. The abscess was visible, Plaintiff described it to them, and its seriousness was obvious to a layperson.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                   Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7-LAW
F: (313) 771-5785

MARKO LAW

48.    Defendants' refusal to examine, diagnose, or treat Plaintiff's abscess was not mere negligence—it was deliberate indifference to a known, serious medical need.

49.    As a direct and proximate result of Defendants' deliberate indifference, Plaintiff's condition worsened, causing pain, suffering, risk of systemic infection, and other damages.

50.    Defendants' conduct violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

51.    As a proximate result of Defendants' actions and inactions, Mr. Thomas suffered and continues to suffer emotional suffering, psychological injury, and trauma. Mr. Thomas continues to experience fear, distrust, and anxiety regarding law enforcement officers.

52.    Mr. Thomas is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
### 42 U.S.C. § 1983
### Monell Claim
### (Against Defendant Monroe County)

53.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                  Jon R. Marko, Esq.

54.     At all relevant times, Monroe County Jail staff were acting within the scope of their employment with Monroe County, and their actions were taken under color of law.

55.     Defendant Monroe County maintained policies, customs, and/or practices that were the moving force behind the constitutional violations suffered by Plaintiff, including but not limited to:

a. A policy or practice of contracting with VITALCORE  for medical services without adequate oversight, supervision, or quality control measures to ensure constitutionally adequate medical care for inmates;

b. A policy or practice of failing to monitor, supervise, or hold accountable contracted medical providers who deny or delay necessary medical care;

c. A policy or custom of deferring entirely to contracted medical staff without independent review or intervention when inmates report serious medical concerns;

d. A custom of permitting contracted medical staff to deny care by citing staffing shortages without requiring alternative arrangements or escalation;

e. A failure to implement policies requiring documentation, examination, and treatment of visible injuries or infections reported by inmates.

56.     Monroe County's failure to implement adequate oversight, supervision, and accountability measures for its contracted medical provider amounts to deliberate indifference to the constitutional rights of inmates and detainees.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*                                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                                          Jon R. Marko, Esq.

57. The widespread and repeated refusal of multiple VITALCORE staff members to examine or treat Plaintiff's abscess, without intervention by Monroe County, demonstrates a pattern of unconstitutional conduct condoned or ignored by Monroe County policymakers.

58. As a direct and proximate result of Monroe County's policies, customs, and practices, Plaintiff suffered violations of his constitutional rights, pain and suffering, and other damages.

**COUNT III**
**42 U.S.C. § 1983**
**Monell Claim**
**(Against Defendant VitalCore Health Strategies)**

59. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

60. At all relevant times, VITALCORE employees were acting within the scope of their employment with VITALCORE, under color of law, and pursuant to VITALCORE 's contract with Monroe County to provide medical services to inmates.

61. Defendant VITALCORE maintained policies, customs, and/or practices that were the moving force behind the constitutional violations suffered by Plaintiff, including but not limited to:

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*     Michael L. Jones, Esq.
Case No.: 2:25-cv-13144     Jon R. Marko, Esq.

a. A policy or practice of providing only cursory or no medical evaluation to detainees with visible injuries or infections;

b. A policy or practice of failing to train or supervise medical staff to identify and treat serious medical conditions, including diabetic foot ulcers and abscesses in diabetic patients;

c. A custom of permitting staff to deny care by citing staffing shortages without requiring alternative care arrangements;

d. A policy or custom of prioritizing minimal routine checks, such as blood sugar checks, over responsive, condition-specific care for serious medical needs;

e. A failure to implement policies requiring examination, documentation, and treatment of visible wounds and infections reported by inmates;

f. A policy or practice of inadequate staffing levels that prevented timely medical evaluation and treatment;

g. A custom of failing to respond to or investigate inmate complaints about denied or delayed medical care.

62. VITALCORE 's failure to implement adequate training, supervision, staffing, and accountability measures amounts to deliberate indifference to the constitutional rights of inmates and detainees.

63. The widespread and repeated refusal of multiple VITALCORE employees to examine or treat Plaintiff's abscess demonstrates a pattern of

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

unconstitutional conduct that reflects VITALCORE 's policies, customs, and practices.

64. VITALCORE , as the entity responsible for providing medical care at the Monroe County Jail pursuant to its contract, had final policymaking authority over the delivery of medical services to inmates and is therefore subject to municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).

65. As a direct and proximate result of VITALCORE 's policies, customs, and practices, Plaintiff suffered violations of his constitutional rights, pain and suffering, loss of a toe, permanent disability, lost wages, and other damages.

## COUNT IV
### Negligence
### (Against Defendant VitalCore Health Strategies)

66. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

67. At all relevant times, Defendant VITALCORE owed a duty of care to Plaintiff to provide reasonable and competent medical care while Plaintiff was incarcerated at the Monroe County Jail.

68. VITALCORE 's employees, including Defendants Sarah Keller, LPN Alysia Tola, Alexis Conte, LPN Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, NP Johnlette Harlin, Dr. Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, James Perez, and Sandra Peer, were acting

17

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

within the scope of their employment with VITALCORE  when providing or failing to provide medical care to Plaintiff.

69.     VITALCORE  breached  its duty of care to Plaintiff by, through its employees and agents:

a. Failing to properly examine, evaluate, and treat Plaintiff's visible abscess on his left fifth toe despite repeated complaints;

b. Failing to recognize and treat a serious medical condition in a known diabetic patient presenting with a foot wound;

c. Providing only a band-aid for a serious, worsening infection;

d. Refusing to examine Plaintiff's abscess and dismissing his complaints;

e. Failing to document Plaintiff's complaints and symptoms;

f. Failing to refer Plaintiff for appropriate medical evaluation and treatment;

g. Failing to provide adequate staffing to ensure timely medical evaluations;

h. Failing to implement adequate policies, procedures, training, and supervision to ensure competent medical care;

i. Otherwise failing to provide medical care consistent with accepted standards of practice.

70.     As a direct and proximate result of VITALCORE 's negligence, Plaintiff suffered serious physical injuries, including progression of a diabetic foot ulcer to osteomyelitis, hospitalization, amputation of his left fifth toe, permanent

18

disfigurement and disability, pain and suffering, emotional distress, lost wages, and medical expenses.

71. Plaintiff is entitled to compensatory damages for all economic and non-economic losses resulting from VITALCORE 's negligence.

**COUNT V**
**Gross Negligence**
**(Against All Defendants)**

72. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

73. Defendants' conduct as alleged herein constituted gross negligence under Michigan law.

74. Gross negligence is conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

75. Defendants Sarah Keller, LPN Alysia Tola, Alexis Conte, LPN Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, NP Johnlette Harlin, Dr. Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, James Perez, and Sandra Peer eVitalCore acted with gross negligence by:

a. Refusing to examine a visible, painful abscess on a diabetic patient's toe despite repeated complaints over multiple days;

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                   Jon R. Marko, Esq.

b. Dismissing Plaintiff's serious medical complaints with statements such as "if you can walk, then you are fine" and citing staff shortages as reasons to deny care;

c. Providing only a band-aid for a serious infection that required hospitalization and ultimately amputation;

d. Failing to document or take any action regarding a clearly serious medical condition;

e. Demonstrating a complete disregard for Plaintiff's health and safety despite obvious signs of a worsening infection.

76.     Defendant Monroe County acted with gross negligence by:

a. Contracting with VITALCORE  to provide medical services without implementing adequate oversight, supervision, or quality control measures;

b. Failing to monitor, supervise, or intervene when contracted medical providers repeatedly denied necessary medical care to inmates;

c. Permitting a system in which multiple medical staff could refuse to examine or treat a serious medical condition without accountability or intervention;

d. Demonstrating a substantial lack of concern for whether inmates received constitutionally adequate medical care.

77.     Defendant VITALCORE  acted with gross negligence by:

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*                                    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                                         Jon R. Marko, Esq.

a. Maintaining inadequate policies, training, supervision, and staffing that resulted in multiple employees refusing to examine or treat Plaintiff's serious medical condition;

b. Permitting a culture in which medical staff could dismiss serious medical complaints citing staff shortages without alternative care arrangements;

c. Failing to implement systems to ensure that visible wounds and infections in diabetic patients were properly evaluated and treated;

d. Demonstrating a substantial lack of concern for whether inmates received minimally adequate medical care.

78. Defendants' conduct was not merely careless or negligent, but demonstrated such recklessness and substantial lack of concern for Plaintiff's welfare that gross negligence is established.

79. As a direct and proximate result of Defendants' gross negligence, Plaintiff suffered serious physical injuries, including progression of a diabetic foot ulcer to osteomyelitis, hospitalization, amputation of his left fifth toe, permanent disfigurement and disability, pain and suffering, emotional distress, lost wages, and medical expenses.

80. Because Defendants' conduct constituted gross negligence, Plaintiff is entitled to exemplary damages in addition to compensatory damages for all economic and non-economic losses.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*    Michael L. Jones, Esq.
Case No.: 2:25-cv-13144    Jon R. Marko, Esq.

# DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and requests that this Court:

a. Assert jurisdiction over this matter;

b. Enter judgment in favor of Plaintiff and against Defendants;

c. Award Plaintiff compensatory and punitive damages;

d. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

e. Grant other appropriate relief.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / Fax: (313) 470-2011
Email: michael@markolaw.com

Date: January 13, 2026

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*                          Michael L. Jones, Esq.
Case No.: 2:25-cv-13144                                              Jon R. Marko, Esq.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Aaron G. Thomas,

        Plaintiff,

v.

Monroe County, VitalCore Health Strategies, LLC, Sarah Keller, Alysia Tola, Alexis Conte, Jennifer Vollmer, Katelyn Lucio, Renee Slaughterbeck, Johnlette Harlin, Daryl Parker, Erica Chappell, Stacie Howard, Jessica Ebel, Felecia McDuffie, James Perez, and Sandra Peer,

        Defendant

Case No.: 2:25-cv-13144

Hon. David M. Lawson

Mag. Judge Curtis Ivy

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

THOMAS D. BEINDIT (P81133)
**Rosati, Schultz, Joppich & Amtsbuechler, PC**
Attorney for Monroe County
822 Centennial Way, Ste 270
Lansing, MI 48917
(517) 886-3800
tbeindit@rsjalaw.com

RONALD W. CHAPMAN SR., M.P.A., LL.M.
(P37603)
NICHOLAS B. PILLOW (P83927)
**Chapman Law Group**
Attorneys for Conte, Tola, Vollmer, Keller, Ebel, Chappell, Howard, McDuffie, Perez, Slaughterbeck, Harlin, Parker, Peer and Lucio
1441 W. Long Lake Road, Ste 310
Troy, MI 48098
rchapman@chapmanlawgroup.com
npillow@chapmanlawgroup.com

---

23

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Aaron Thomas v. Monroe County, et al*        Michael L. Jones, Esq.
Case No.:        Jon R. Marko, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable under the laws and Constitution of the United States and the State of Michigan.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / Fax: (313) 470-2011
Email: michael@markolaw.com

Date: January 13, 2026

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to eVitalCore attorney of record on **January 13, 2026,** via:

☐ U.S. Mail                     ☐ Fax
☐ Hand Delivered          ☐ Overnight Carrier
☐ Certified Mail             ☐ Other: Mi-FILE Truefiling
☒ ECF System                 ☐ Email

/s/ Dae'Aunee Charles

24
**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Aaron Thomas v. Monroe County, et al*                     Michael L. Jones, Esq.
Case No.:                                                                          Jon R. Marko, Esq.